UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARL COOPER, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:17-CV-002-JD-MGG |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Carl Cooper, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254 challenging his prison disciplinary case CIC 16-08-17. ECF 2 at 1. Respondent filed a motion to dismiss on March 27, 2017. ECF 7. Cooper did not respond to the motion and his time to do so has now passed. *See* N.D. Ind. L. Cr. R. 47-2.

In his motion, Respondent argues that Cooper's petition should be dismissed on the basis that Cooper did not suffer any grievous loss impacting the length of his sentence, and is therefore not entitled to habeas corpus relief. ECF 7 at 1. In the section of the habeas corpus form where Petitioner was instructed to identify whether he lost earned credit time, Petitioner wrote only that he lost "Going Home." ECF 2 at 1. He was not demoted in credit class. *Id.* According to Respondent, while Cooper received a Conduct Report in case CIC 16-08-17, he was never screened for the charge, he did not receive a hearing for the charge, and he never was disciplined for the charge. ECF 8 at 1-2.

Cooper's petition consists of a two-sentence argument. ECF 2 at 2. He argues that (i) the IDOC told him that the Conduct Report CIC 16-08-17 does not exist; and (ii) that the Officer who authored the Conduct Report fabricated the report to prevent him from being released. ECF 2 at 2. A review of the records confirms that, while he was issued a Conduct Report in CIC 16-08-17,

Cooper was never disciplined for the charge. Cooper's disciplinary records demonstrate that he received a number of different Conduct Reports arising from his behavior on July 28, 2016 - one of which was CIC 16-08-17. While he was later found guilty of violating IDOC policy on several of those Conduct Reports, and was sanctioned, he was not punished as a result of the Conduct Report he challenges in this petition. Because he has suffered no grievous injury arising from case CIC 16-08-17, he is not entitled to habeas corpus relief. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement). Nevertheless, Cooper remains free to challenge any of the other Conduct Reports issued on July 28, 2016, that resulted in a loss of good time credits or demotion in credit class.

Therefore, Respondent's motion to dismiss (ECF 7) is **GRANTED**. Cooper's petition (ECF 2) is **DISMISSED**. The clerk is directed to **CLOSE** this case.

**SO ORDERED**.

ENTERED: June 12, 2017

             /s/ JON E. DEGUILIO
             Judge
             United States District Court